CLD-206                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1505
_____

IN RE:  CRAIG ALFORD,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 03-14-cv-00013)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 20, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 24, 2014 )
_____

OPINION
_____

PER CURIAM

        Pro se petitioner Craig Alford has filed a petition for a writ of mandamus

requesting that we (1) order the District Judge to recuse himself; or (2) order the District

Judge to rule on Alford's sundry pending motions.  For the reasons set forth below, we

will deny Alford's petition.

        Alford filed a complaint asserting claims under 42 U.S.C. § 1983 in the District

Court on January 7, 2014.  He has since filed a barrage of other documents, including two

motions to appoint counsel and numerous requests for discovery.  Each of these filings

remains pending. On March 5, 2014, Alford filed the instant mandamus petition. He has also filed a motion asking us to expedite consideration of his case.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Alford chiefly seeks mandamus because he believes that the District Judge should recuse himself due to his alleged personal bias. It is true that a mandamus petition is a proper means of challenging a district judge's refusal to recuse himself pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-75 (3d Cir. 1992). However, Alford has not filed a recusal motion in the District Court, and thus cannot make the required showing that he has "no other adequate means to attain the desired relief." In re Kensington Int'l Ltd., 353 F.3d 211, 223-24 (3d Cir. 2003) (denying mandamus on this basis when recusal motion was pending before district judge).

Further, although mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, this case does not present such a situation. At the time Alford filed his mandamus petition, his complaint and related filings had been pending (at most) for just two months, which "does not yet rise to the level of a denial of due process." Id. (stating that four months of

2

inaction is insufficient to warrant mandamus). We are confident that the District Court will rule on Alford's filings in due course.[1]

Accordingly, we will deny Alford's mandamus petition. Alford's motion to expedite is denied as moot.

---

[1] We note that we have recently denied another premature mandamus petition that Alford filed in C.A. No. 14-1296.